Robin FUNK & Debbie Funk,
Appellants,

v.

WAGNER MACHINERY, INC., Elgin Leach Corporation, Elgin Leach International, Inc., Elgin Leach International and Elgin Sweeper Company, Appellees.

Court of Appeals of Kentucky.

January 17, 1986.

Rehearing Denied April 11, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 24, 1986.

David B. Sloan, Covington, for appellant.

Thomas C. Smith, Florence, Ronald L. Green, Lexington, Mark Arnzen, Covington, for appellees.

Before CLAYTON, DUNN and McDONALD, JJ.

McDONALD, Judge:

This is an appeal from the judgment of the Boone Circuit Court which dismissed the claim of the appellant, Robin Funk, a street cleaner, for injuries he sustained from an accident involving an Elgin Pelican, a street sweeper, manufactured by the appellee, Elgin Sweeper Company. The sweeper was purchased by the appellant's employer, the City of Florence. The order was placed through the appellee, Wagner Machinery, Inc., and Elgin Leach Corporation, another middleman who had a contract with Elgin Sweeper to distribute the latter's products.

The appellant incurred his injuries on January 28, 1981. On January 27, 1982, he filed his complaint naming as defendants Wagner, Elgin Leach Corporation and Elgin Leach International, Inc. On March 11, 1982, Funk amended his complaint to include as a defendant, Elgin Sweeper Company. All the defendants were dismissed by the trial court on their respective motions for summary judgment. The trial court ruled that the claim against Elgin Sweeper was barred by the one-year statute of limitations for personal injury actions and that the other defendants were relieved from any liability because the appellant was contributorily negligent as a matter of law and because of the provisions relating to middlemen in products liability cases contained in KRS 411.340.

On appeal, the appellant contends that the trial court erred in not applying CR 15.03 as to provide for his amendment adding Elgin Sweeper as a party to relate back to the date of the original pleading. CR 15.03 provides in relevant part as follows:

(1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. [Continued]

This rule, and particularly the notice necessary to satisfy section (2) thereof, was discussed by this court in the recent case, *Clark v. Young*, Ky.App., 692 S.W.2d 285 (1985). Therein it was held that actual notice is not required under CR 15.03(2). We believe this case to be precisely on point and applicable to the instant case. Certainly there is no question that the amended complaint concerned the same occurrence as set forth in the original complaint which was filed within the one-year statute of limitations. Further, while it is

inconceivable to us that a sales representative who has been sued because of the defect in a product of a manufacturer it represents or its insurer would not immediately notify the manufacturer of such an event, the ongoing business relationship of the agent and the manufacturer, which encompasses the very item alleged to be defective, is sufficient to satisfy section (2) of the rule if such actual notice is, as here, denied by the party added to the suit. *See Clark, supra,* and *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980), cited therein. Other factors which we believe militate the application of CR 15.03 in this case include the similarity in names between the manufacturer and its sales representatives and the minor delay (less than a month) between the initial filing of the complaint and the date Elgin Sweeper alleged it had actual knowledge of the suit.

■ We reject, however, the appellant's claim that the trial court erred in dismissing the remaining appellees. Although we believe the court erred in determining the appellant to be contributorily negligent as a matter of law, *see Louisville & Nashville Railroad Company v. Scott,* Ky., 432 S.W.2d 47 (1968), and *Lewis v. Louisville Ry. Co.,* 203 Ky. 655, 262 S.W. 1095 (1924), KRS 411.340 specifically relieves middlemen when (1) the manufacturer is "identified and subject to the jurisdiction of the court;" (2) the product was sold in its "original" condition; (3) the middleman had not "breached an express warranty," or (4) the middleman did not know the product was defective. There is certainly no factual dispute concerning the first three requirements: obviously, Elgin Sweeper Company has been "identified" and is subject to the court's jurisdiction; the Elgin Pelican was shipped directly from the manufacturer to the purchaser, the City of Florence, and thus the distributors did not have any opportunity to alter the machine from its "original" condition; and, there is no allegation that the distributors breached any warranties or even gave any warranties concerning the product that could be breached. Finally, whether the distributors knew or should have known the prod-

uct was defective or "unreasonably dangerous to the user or consumer" would have been a fact issue to be resolved by a jury if the appellant alleged there to exist any fact from which such knowledge could be inferred. It is well settled that a litigant need not be required to try his case on a motion for summary judgment, but he has the burden of showing that a fact issue exists. The record is void of any facts from which the court could infer that the distributors should have been aware of the product's alleged defect. That being so, the dismissal of Wagner Machinery Company, Elgin Leach Corporation and Elgin Leach International, Inc. is affirmed.

The summary judgment in favor of Elgin Sweeper Company is reversed and remanded for further proceedings. The judgment in favor of the remaining appellees is affirmed.

Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32 and other appropriate rules of civil procedure for further appellate steps is reinstated effective the date of this opinion.

All concur.