Gregory J. HALDERMAN, Appellant,

v.

SANDERSON FORKLIFTS COMPANY, LTD., Appellee.

No. 90–CA–899–MR.

Court of Appeals of Kentucky.

May 10, 1991.

Discretionary Review Denied by Supreme Court Dec. 11, 1991.

Robert E. Blau, Jolly & Blau, Cold Spring, for appellant.

Christopher M. Hill, McBrayer, McGinnis, Leslie, and Kirkland, Frankfort, for appellee.

Before CLAYTON, McDONALD and MILLER, JJ.

McDONALD, Judge.

This is an appeal from the Scott Circuit Court's dismissal of the complaint against Sanderson Forklifts Company, Ltd. (Sanderson Forklifts). The trial court granted appellee's motion for summary judgment on the grounds that the court lacked personal jurisdiction over the appellee, the one-year statute of limitations had run and the appellant's action for breach of warranty under KRS 355.2–318 was barred due to lack of privity.

This action arose out of an injury appellant suffered on April 7, 1987, that occurred while he was employed at Baker Construction Company in Scott County. In his complaint appellant alleged his injuries were caused by a defective Winget dumper that was manufactured by appellee, Sanderson Forklifts Company, Ltd. of England. Appellant filed his complaint against Sanderson Equipment Company of North Carolina (Sanderson Equipment) on April 4, 1988.

Appellee was served by way of the Kentucky long arm statute. The Secretary of State's Office was served on April 6, 1988. The Secretary of State's Office sent the summons to Sanderson Equipment on April 7, 1988, and Sanderson Equipment Co. signed for the summons on April 11, 1988.

On July 7, 1988, appellant filed an amended complaint naming Sanderson Forklifts, the English parent company of Sanderson Equipment of North Carolina, as a party defendant. The amended complaint against Sanderson Forklifts was identical to the original complaint against Sanderson Equipment. Service was effected through the long arm statute and Sanderson Forklifts received the summons on July 21, 1988. A summons had been served on Sanderson Forklifts on May 11, 1988, prior to the amended complaint naming Sanderson Forklifts as a party.

The Winget dumper, which is alleged to have caused appellant's injuries, was purchased by appellant's employer, Baker Construction Co., from Gerbus Equipment Inc.

(Gerbus Equipment) in Cincinnati, Ohio. Winget dumpers were originally manufactured by a German company, Wibau–Winget, which went into receivership. In 1984 Sanderson Forklifts bought the design rights for Winget products as part of Winget's liquidation.

In 1985 Sanderson Forklifts purchased an English company called Priestman Brothers. Priestman Brothers' distributor in the United States was Gerbus Equipment Inc. of Cincinnati, Ohio. In 1985 Gerbus Equipment and Sanderson Forklifts agreed that Gerbus would purchase three Winget dumpers from Sanderson Forklifts in an attempt to test the market in the United States for these products. The dumper, which is alleged to have caused appellant's injuries, is one of the three dumpers distributed by Gerbus Equipment.

Approximately four months after appellant's injury occurred, Sanderson Equipment Co. of North Carolina was formed. All of Sanderson Forklifts' sales are now handled by Sanderson Equipment Co. in North Carolina.

On November 15, 1988, the trial court granted Sanderson Equipment's motion to dismiss. Subsequently, on April 4, 1990, Sanderson Forklifts was dismissed by the trial court on its motion for summary judgment. The trial court held that the claim against Sanderson Forklifts was barred by the one-year statute of limitations for personal injury actions. The trial court further held Sanderson Forklifts had insufficient minimum contacts with Kentucky to allow the trial court to exercise personal jurisdiction over it. Finally, the trial court dismissed appellant's breach-of-warranty claim due to lack of privity.

Appellant argues that the trial court erred by finding the negligence action to be barred by the statute of limitations. The trial court concluded that since Sanderson Equipment did not actually receive the summons until after the statute of limitations had run, the appellant's negligence claim was barred. The trial court further reasoned that since Sanderson Equipment did not receive notice until after the statute of limitations had run, it was therefore

impossible for Sanderson Forklifts to have received notice until after the statute of limitations had run. Thus, the action against Sanderson Forklifts was also barred. We do not concur with the trial court's reasoning.

Rule 3 of Kentucky Rules of Civil Procedure on commencement of actions states:

A civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith.

Furthermore, Bertelsman and Phillips, *Kentucky Practice*, CR 3, Comment 3 (4th ed., 1984), state in their commentary on CR 3:

Assuming that proper process is issued in good faith, an action should be deemed commenced or brought within the meaning of the statute of limitations when a complaint is filed.

All that is required is that the complaint be filed within the statute of limitations period and that a summons be issued in good faith. CR 3 does not require that actual service on the defendant be effectuated within the statute of limitations period.

■ In our case appellant was injured on April 7, 1987. The one-year statute of limitations for personal injury actions applies. The appellant filed his complaint on April 4, 1988. Therefore, the action was deemed commenced within the one-year statute of limitations period and should not have been dismissed on this ground. Of assistance to us is *Delong v. Delong*, Ky., 335 S.W.2d 895 (1960), where our highest court said: "Since no summons was issued against the appellant until the one year statute of limitations (KRS 413.140) had run, the action is barred as to him and the judgment must be reversed."

Herein, there is no dispute that the complaint was filed and the summons issued prior to the running of the statute of limitations. Therefore, the action was timely commenced against Sanderson Equipment.

The amended complaint naming Sanderson Forklifts as a party was also timely filed. CR 15.03 provides in relevant part as follows:

(1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Clearly, the claims set forth in the amended complaint arose from the same "transaction or occurrence" as did the claims in the original complaint. Therefore, the requirement of section (1) is met.

■ The appellee insists that the notice provision of CR 15.03(2) was not complied with. Because the summons was not placed in the mail to Sanderson Equipment until the last day of the statute of limitations period, Sanderson Forklifts argues it could not possibly have had notice of the suit "within the period provided by law for commencing the action." *Id.*

We believe this situation to be governed by *Clark v. Young*, Ky.App., 692 S.W.2d 285 (1985), and *Funk v. Wagner Machinery*, Ky.App., 710 S.W.2d 860 (1986). In fact, the type of action, the relation back issue and the procedural history of this case are nearly identical to that in the *Wagner Machinery* case. Sanderson Forklifts' reliance on *Nolph v. Scott*, Ky., 725 S.W.2d 860 (1987), is misplaced as *Nolph* does not concern defendants who share an "identity of interest." *Nolph* did not directly or by implication overrule either *Clark v. Young* or *Funk v. Wagner Ma-*

*chinery, supra.* [1] That notice to an intended defendant may be imputed from notice to a named defendant when the two share an "ongoing business relationship" is, we believe, settled in this jurisdiction. *Wagner Machinery*, at 862. Particularly where as here the nexus between the new and old party is one of parent corporation/subsidiary, imputed notice to the parent is readily inferred and appropriately utilized to avoid resolution of the matter on technicalities. *Nolph v. Scott*, at 862, (Leibson dissenting).

The crux of Sanderson Forklifts' argument is that even if we impute notice of Sanderson Equipment to it, its subsidiary did not receive notice within the limitations period. The record indeed reveals that Sanderson Equipment did not receive actual notice before the statute ran but it did have constructive notice. Recognizing that the rule does not require actual notice but only "such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits," [2] it is our holding that where there is a sufficient identity of interest between the old and new defendants, the notice requirement of CR 15.03(2) is satisfied whenever the intended defendant receives notice, be it actual, informal, imputed, constructive or a combination thereof, within the limitations period. This holding, we believe, comports with the purpose and spirit of the law discussed by Justice Leibson in *Nolph, supra.*

■ Appellant next argues that the trial court erred by dismissing his breach of warranty action under KRS 355.2–318. We disagree.

KRS 355.2–318 states:

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section. (Enact.Acts 1958, ch. 77, § 2–318, effective July 1, 1960.)

Appellant argues that he is within the class of persons described in KRS 355.2–318. Appellant contends that an employer-employee relationship falls within the KRS 355.2–318 definition of "family."

In *Williams v. Fulmer*, Ky., 695 S.W.2d 411 (1985), the plaintiff sought to extend the class of persons identified in KRS 355.2–318. The plaintiff argued that the official commentary to 2–318 permitted the court to apply broader rules regarding privity in breach of warranty actions. The code commentary states that 2–318 "is not intended to enlarge or restrict the developing case law on seller's warranties, given to his buyer, who resells, extends to other persons in the distributive chain." *Id.* at 414.

In *Williams* the court held the commentary was not the law and not binding. Furthermore, the court stated they had no precedent for changing statutory law by court decision as they did in common law negligence rules. *Id.* at 414.

Thus, according to the Kentucky Supreme Court, KRS 355.2–318 warranty actions may be brought only by purchasers or one in his household. Subsequently appellant's KRS 355.2–318 warranty action was properly dismissed by the trial court.

Lastly, appellant contends the trial court erred in concluding the court lacked personal jurisdiction over the appellee.

In this case the only contact Sanderson Forklifts had with Kentucky is that one of three Winget dumpers it sold to Gerbus Equipment, Inc. of Cincinnati, Ohio, was in turn sold to appellant's employer, Baker Construction Co. of Kentucky, but the transaction was in Ohio.

The seminal test in determining whether the application of personal jurisdiction com-

---

1. The significance of the *Nolph* case on the rule has been diminished in our opinion since the decision in *Underhill v. Stephenson*, Ky., 756 S.W.2d 459 (1988).

2. Sanderson Forklifts has not demonstrated any prejudice that we are aware of in having to defend this action on the merits.

ports with due process is "whether the defendant purposely established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985), (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). A defendant must avail himself of the privileges and protection of state law and reasonably anticipate being brought into court there. The "foreseeability" test was rejected. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). *See also, Tube Turns Division of Chemetron v. Patterson Co.,* Ky.App., 562 S.W.2d 99 (1978); *Texas American Bank v. Sayers,* Ky.App., 674 S.W.2d 36 (1984); and *Pierce v. Serafin,* Ky.App., 787 S.W.2d 705 (1990).

Applying these criteria to the facts of this case, we hold it would be unreasonable to exercise jurisdiction over Sanderson Forklifts. At no time did Sanderson Forklifts ever seek to directly distribute its products in Kentucky. It released three of its pieces of equipment to Gerbus, a distributor located in Ohio, to be distributed at Gerbus' discretion. The appellee has had no contact with any person or entity in this state. It was merely fortuitous that one Winget dumper ended up in Kentucky. Therefore, appellee does not have substantial enough contacts with Kentucky to make the exercise of jurisdiction over it reasonable. While Halderman's request that we apply the "stream of commerce" doctrine to exercise jurisdiction is appealing, such a theory was rejected by a plurality of the U.S. Supreme Court in its consideration of the constitutional implications involved. *See Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

All concur.