**Robert F. REESE and Joann Reese, Appellants,**

v.

**GENERAL AMERICAN DOOR COMPANY, Appellee.**

No. 1997–CA–000238–MR

Court of Appeals of Kentucky.

Nov. 25, 1998.

Rehearing Denied March 12, 1999.

Discretionary Review Denied by Supreme Court Dec. 9, 1999.

D. Anthony Brinker, Wehrman & Wehrman, Chartered, Covington, Kentucky, for appellants.

Robert B. Cetrulo, Ware, Bryson, West & Kummer, Edgewood, Kentucky, for appellee.

Before ABRAMSON, DYCHE, and HUDDLESTON, Judges.

*OPINION*

ABRAMSON, Judge[1]:

Robert and Joann Reese appeal from a January 9, 1997, order of Kenton Circuit Court making final and appealable its November 14, 1996, summary judgment dismissing the Reeses' products liability complaint against General American Door Company (GADCO) on statute of limitations grounds. Agreeing with the trial court both that this matter is ripe for appeal[2] and that the Reeses' claim against GADCO is time barred, we affirm.

In 1989 the Reeses purchased an automatic garage door from Overhead Door of Covington, Inc. On April 17, 1994, as he was attempting to repair the door, Robert Reese suffered a serious injury when part of the door's high-tension spring mecha-

nism suddenly came loose and struck him in the eye. On April 17, 1995, the last day to file suit given Kentucky's one-year limitations period for personal injury lawsuits (KRS 413.140), the Reeses filed suit in federal court against Overhead Door of Covington, Inc. and an affiliated company, Overhead Door Corporation. The complaint alleged that Overhead Door Corporation had supplied the door and that Overhead Door of Covington had sold it to the Reeses and installed it. The Reeses' federal suit was dismissed for incomplete diversity of citizenship among the parties, and on September 29, 1995, within 90 days of the dismissal, the Reeses filed in Kenton Circuit Court an amended complaint seeking to add GADCO as a defendant and alleging that GADCO had manufactured the door. Maintaining that it had not been sued within the limitations period, GADCO successfully moved for summary judgment.

On appeal, the Reeses contend that their amended complaint against GADCO should have been deemed timely pursuant to CR 15.03, which allows in some circumstances amended complaints to be treated as though filed at the time of the original complaint. There is no dispute concerning any material fact and the legal question before this Court is simply whether the trial court correctly determined that CR 15.03 does not reach the circumstances presented by the Reeses. This Court's review of a summary judgment is de novo. *Steelvest, Inc. v. Scansteel Service Ctr.,* Ky., 807 S.W.2d 476 (1991).

CR 15.03, **Relation Back of Amendments,** provides in pertinent part as follows:

> (1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occur-

1. This opinion was prepared and concurred in prior to the departure of Judge Abramson from the Court on November 22, 1998.

2. The trial court's order of January 9, 1997, satisfied the requirements for finality of CR 54.02, and because all the other defendants have since been dismissed no question remains as to the propriety of the trial court's finality determination. *Hale v. Deaton,* Ky., 528 S.W.2d 719 (1975).

rence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

It is apparent that section (1) of this rule is satisfied. The parties have focused their attention on section (2)(a), the requirement that GADCO receive notice of the action within the limitations period. Since there is no question that GADCO did not seasonably receive actual notice, the controversy has centered on whether the notice to Overhead Door of Covington should be imputed to GADCO.

In a series of cases (*Clark v. Young*, Ky.App., 692 S.W.2d 285 (1985), *Funk v. Wagner Machinery, Inc.*, Ky.App., 710 S.W.2d 860 (1986), and *Halderman v. Sanderson Forklifts Co.*, Ky.App., 818 S.W.2d 270 (1991)) different panels of this Court have endorsed the idea that notice to an original party may be imputed to a party sought to be added by amendment whenever "there is a sufficient identity of interest" between the two. *Halderman, supra*, at 273. The relationship deemed sufficient in *Halderman* was that between parent and subsidiary corporations: notice to the subsidiary was imputed to the parent. In *Clark*, notice to a lessee was imputed to the lessor. In *Funk*, notice to a sales agent was imputed to the principal/manufacturer. Both the *Clark* and *Funk* Courts emphasized that the close, ongoing business relationship between the original and added defendants strongly

suggested that the added party had in fact received notice within the limitations period, but the *Halderman* Court rejected any such qualification and held that "the notice requirement of CR 15.03(2) is satisfied whenever the intended defendant receives notice, be it actual, informal, imputed, constructive or a combination thereof, within the limitations period." 818 S.W.2d at 273.

■ Unlike the cases just cited, this case does not involve a contractual or corporate relationship between Overhead Door of Covington and GADCO. The Reeses assert, however, that at the time of the complaint Overhead Door of Covington had sold and installed as many as 200 GADCO doors per year for about 20 years. The Reeses maintain that under the *Halderman* rationale this longstanding and extensive sales relationship evidences a sufficient identity of interests between the two companies to justify imputing Overhead Door of Covington's notice to GADCO. We disagree.

In the three cases cited above, legally binding relationships between the original and added parties imposed on the first-named party a duty promptly to apprise the other laternamed entity of the lawsuit. Furthermore, there were grounds in those cases for believing that preparations to defend the first-named party would be available and useful to the other party as well. The *Clark* Court noted, for example, that both the original and added parties shared counsel. Here, however, Overhead Door of Covington was under no duty to tell GADCO about the Reeses' lawsuit, and the relationship between the two companies, though an ongoing one, was not such that prompt notice of the suit can otherwise be presumed. Nor is it at all indicated that Overhead Door of Covington and GADCO shared interests such that the defense of the former would naturally extend to a defense of the latter. We are unwilling to extend the rule of *Halderman* to a relationship, such as that between Overhead Door of Covington and GADCO, which does not include any assurance that

the original notice was apt to be promptly forwarded to the subsequently named party. Notice is not to be presumed where there is no basis for the presumption.

■ We are persuaded, moreover, although the issue received little comment in the parties' briefs, that also unsatisfied in this case was the additional notice requirement under part (2)(b) of CR 15.03. CR 15.03(2)(b) requires that the party to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Limitations statutes are by nature arbitrary and so sometimes seem to operate harshly. This harshness, of course, does not authorize courts to disregard the strict duties such statutes impose. On the contrary, the statutory duty to develop and file one's case diligently has been interpreted as absolute except in the most compelling of circumstances. On constitutional grounds, for example, our courts have articulated the so called "discovery rule" whereby the duty imposed by limitations statutes has been held not to arise until the plaintiff discovers or should have discovered sufficient facts to be aware of a potential cause of action.

> [I]n the circumstances presented [a latent disease case] the statute of limitations commences from the date the plaintiff knew or should have discovered "not only that he has been injured but also that his injury may have been caused by the defendant's conduct."

*Perkins v. Northeastern Log Homes,* Ky., 808 S.W.2d 809, 819 (1991) (quoting from *Louisville Trust Co. v. Johns–Manville Products,* Ky., 580 S.W.2d 497 (1979)); see also *Underhill v. Stephenson,* Ky., 756 S.W.2d 459 (1988) (holding in a medical malpractice case that a potential cause of action against a nurse based on her alleged fraud had not accrued until her fraud had been discovered).

■ In the products liability context, a potential plaintiff's awareness of an injury and of the instrumentality causing the injury is enough to trigger the limitations clock and to impose on the plaintiff the duty to discover the responsible parties. *Hazel v. General Motors Corp.,* 863 F.Supp. 435 (W.D.Ky.1994). Thereafter, the running of the limitations period may be tolled only to permit the plaintiff to overcome certain disabilities (KRS 413.170, 413.180) or, under the doctrine of equitable estoppel, to prevent potential defendants from improperly delaying commencement of the suit. Absent extraordinary circumstances such as these, the plaintiff's mere failure to locate or identify potential defendants does not excuse his or her untimeliness. *McCollum v. Sisters of Charity,* Ky., 799 S.W.2d 15 (1990); *Simmons v. South Central Skyworkers', Inc.,* 936 F.2d 268 (6th Cir.1991).

CR 15.03 may not operate so as to contravene these rules. Although none of the cases in the *Halderman* line addresses in depth the requirement of an apparent, justifiable mistake under part (2)(b) of CR 15.03, the issue was alluded to in both *Clark* and *Funk.* The *Clark* Court noted that the plaintiff's initial failure to look beyond the lessee was due in large part to the fact that not only was the lessor not identified either on the leased truck involved in the accident or by its driver, but a name tag on the truck, which might reasonably have been supposed to identify the owner (and was so understood by the plaintiff), named the lessee instead. In *Funk,* the Court noted the confusing similarity in the names of the party first sued, the sales agent, and the one later sought to be added, the manufacturer.

Here, the Reeses make no claim that their failure to sue GADCO within the limitations period or their suing Overhead Door of Covington instead involved a mistake induced in any way by GADCO or resulting from anything but their own failure to identify GADCO sooner. The mere failure to identify a potential defendant within the limitations period, however, is not the sort of mistake contemplated by

part (2)(b) of CR 15.03. *Nolph v. Scott,* Ky., 725 S.W.2d 860 (1987) (citing *Schiavone v. Fortune aka Time, Inc.,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)).

We conclude that the Reeses failed to satisfy either of the notice requirements of CR 15.03, and therefore that the trial court correctly refused to allow them to amend their complaint so as to add GADCO as a party defendant. Accordingly, we affirm the January 9, 1997/November 4, 1996, summary judgment of Kenton Circuit Court.

ALL CONCUR.