RENDERED: OCTOBER 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0356-MR


GARY HURD                                                     APPELLANT


v.       APPEAL FROM MADISON CIRCUIT COURT
         HONORABLE BRANDY OLIVER BROWN, JUDGE
         ACTION NO. 20-CI-00246


O'REILLY AUTOMOTIVE STORES,
INC.                                                           APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Gary Hurd ("Hurd") appeals from the Madison Circuit

Court's order dismissing his complaint against O'Reilly Automotive Stores, Inc.

("O'Reilly") as untimely because it was not filed within the one-year statute of

limitations period. Finding no error, we affirm.

O'Reilly Automotive Stores, Inc. is a nationwide automotive parts and supplies chain with a principal office located in Springfield, Missouri. On May 27, 2020, Hurd filed a complaint in Madison Circuit Court alleging that he fell at an O'Reilly store in Richmond, Kentucky. However, instead of naming O'Reilly Automotive Stores, Inc., Hurd's complaint named "O'Reilly's Auto Service, LLC d/b/a O'Reilly's Auto Parts" as the defendant. O'Reilly's Auto Service, LLC, located in Hardinsburg, Kentucky, is a distinct and wholly unrelated entity from O'Reilly Automotive Stores, Inc. The complaint was served on O'Reilly's Auto Service, LLC's registered agent on June 6, 2020.

Hurd filed an amended complaint on June 9, 2020, this time against "O'Reilly Auto Parts," O'Reilly's assumed business name. The amended complaint was served via Secretary of State on July 7, 2020.[1] Hurd moved for default judgment on July 6, 2020, alleging that O'Reilly had not responded to the amended complaint within the twenty days prescribed by CR[2] 12.01.[3] Curiously,

---

[1] The return from the Summons Division of the Office of Secretary of State, dated June 24, 2020, states that the Office of Secretary of State was served on June 12, 2020, and that it had sent a copy of the summons to the defendant via certified mail, return receipt requested, on June 12, 2020. The certified mail green card shows the summons was received, but the "Date of Delivery" section is blank. The return from the Secretary of State was filed on July 7, 2020. Pursuant to Kentucky Revised Statute (KRS) 454.210(3)(c), summons was complete "on the return of the Secretary of State[.]"

[2] Kentucky Rules of Civil Procedure.

[3] The motion for default judgment alleged that O'Reilly had been served on June 10, 2020, presumably based upon the circuit clerk's certification, dated June 10, 2020, that a copy of the

-2-

the trial court granted the motion by electronic signature the next day, despite the motion being set for hearing on August 6, 2020. Adding to the confusion, on July 8, 2020, one day after the entry of the order of default judgment, Hurd re-noticed the hearing on his motion indefinitely.

On September 22, 2020, O'Reilly moved to set aside the default judgment, and simultaneously moved to dismiss Hurd's complaint as barred by the statute of limitations.[4] Concerning the default judgment, O'Reilly argued that the entry of the default judgment prior to the hearing was a clerical error and further argued that the default judgment is void because "O'Reilly Auto Parts" is an assumed name and not an entity capable of being sued. As to the motion to dismiss, O'Reilly argued that Hurd did not commence an action against it prior to the time the statute of limitations expired. The original complaint named O'Reilly's Auto Service, LLC, as the defendant, a separate and unrelated entity from O'Reilly. Hurd's amended complaint was filed on June 9, 2020, outside of KRS 413.140(1)(a)'s one-year statute of limitations for personal injury claims. Further, O'Reilly argued that the amended complaint could not relate back

---

amended complaint had been sent to the Secretary of State pursuant to KRS 454.210(3)(b) and (c).

[4] The motion also argued that Hurd's claim for violation of the Unfair Claims Settlement Practices Act should be dismissed because the Act did not apply to O'Reilly. Hurd has not argued this issue on appeal, therefore it has been waived. *See Commonwealth v. Bivins*, 740 S.W.2d 954, 956 (Ky. 1987) ("[A]ssignments of error not argued in an appellant's brief are waived.").

pursuant to CR 15.03(2) because it received no notice, constructive or otherwise, prior to the statute of limitations expiring.

Hurd responded that the default judgment was proper and the motion to dismiss should be denied because O'Reilly had actual notice of the lawsuit. Hurd alleged that an unknown agent of O'Reilly's Auto Service, LLC hand delivered a copy of the original complaint to O'Reilly sometime after June 6, 2020. Hurd conceded at the hearing on the motions that he was unaware of the identity of the agent or the exact date of supposed delivery. Following the hearing, the trial court set aside the default judgment and granted the motion to dismiss. This appeal followed.

Hurd argues on appeal that the trial court erred in setting aside the default judgment, erred in granting the motion to dismiss, and should have held an evidentiary hearing on whether O'Reilly had actual notice to satisfy CR 15.03(2).[5] Turning to Hurd's first argument, "[i]n review of a lower court's decision to set aside a default judgment, an appellate court will not overturn a trial court's decision absent a showing that the trial court abused its discretion." *Hutcherson v. Hicks*, 320 S.W.3d 102, 106-07 (Ky. App. 2010) (internal quotation marks and

---

[5] O'Reilly argued below that it had not been made a party or received service because Hurd sued O'Reilly's assumed business name. Hurd spends much of his appellate brief addressing that issue. For purposes of the appeal we will assume, without deciding, that naming and serving O'Reilly's assumed business name was sufficient to confer jurisdiction and comply with our civil rules.

citation omitted).  O'Reilly moved to set aside the default judgment pursuant to CR 60.01, alleging that the default judgment was entered by mistake, as evidenced by the court's entering the order one day after the filing of the motion, and prior to the hearing.

CR 60.01 provides, in relevant part:  "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ."  It is unclear from the record whether the trial court set aside the default judgment on this basis.  Certainly, if the entry of the order was a clerical error, it would be correctable pursuant to CR 60.01 and a proper basis to set aside the default judgment.

However, as an appellate court, we "may affirm the trial court for any reason sustainable by the record."  *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991) (citation omitted).  What *is* clear from the record is that the default judgment was entered prematurely.  CR 4.02 provides a party 20 days to respond to a complaint before they are in default.  Here, the amended complaint was served on O'Reilly on July 7, 2020[6] and the default judgment was

---

[6] Concerning service on a foreign corporation via the long-arm statute, KRS 454.210(3)(c) provides:

> The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. . . .  [T]he

entered the same day,[7] well in advance of the 20-day period.  Therefore, the trial court did not err in setting it aside.  *See Whatcom Cnty. v. Kane*, 640 P.2d 1075, 1076-77 (Wash. Ct. App. 1981) (citations omitted) ("Where a default judgment is prematurely entered before the time to answer has expired, the defendant is entitled to have the default set aside as a matter of right[.]").

Hurd next contends the trial court erred in granting O'Reilly's motion to dismiss.  The trial court ruled that Hurd's amended complaint was barred by statute of limitations.  Whether an action is barred by the statute of limitations is a question of law, which an appellate court reviews *de novo*.  *Estate of Wittich By & Through Wittich v. Flick*, 519 S.W.3d 774, 776 (Ky. 2017) (citation omitted). On appeal, Hurd argues that O'Reilly had actual notice of the lawsuit and thus the amended complaint relates back to the filing of the original complaint pursuant to CR 15.03(2) for statute of limitations purposes.

CR 15.03(2) provides in relevant part:

> Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any.  *Summons shall be deemed to be served on the return of the Secretary of State* and the action shall proceed as provided in the Rules of Civil Procedure.

(Emphasis added.)  According to the record, the return of the Secretary of State was filed on July 7, 2020.

[7] Hurd filed his motion for default judgment on July 6, 2020, the day prior to O'Reilly being served.

-6-

> An amendment *changing the party* against whom a claim
> is asserted relates back if . . . *within the period provided
> by law for commencing the action against him*, the party
> to be brought in by amendment (a) *has received such
> notice of the institution of the action* that he will not be
> prejudiced in maintaining his defense on the merits, and
> (b) knew or should have known that, but for a mistake
> concerning the identity of the proper party, the action
> would have been brought against him.

(Emphasis added.) Thus, "under limited circumstances, CR 15.03 permits an untimely amended complaint to relate back to the original complaint and to avoid a statute-of-limitations defense." *Cabrera v. JBS USA, LLC*, 568 S.W.3d 865, 875 (Ky. App. 2019) (citation omitted). "However, the requirements of CR 15.03 are strictly construed against the plaintiff." *Id.* (citation omitted).

Here, Hurd's personal injury claim against O'Reilly accrued on May 29, 2019. Thus, he had until May 29, 2020, to file his claim pursuant to KRS 413.140(1)(a). Hurd filed his original complaint on May 27, 2020, against O'Reilly's Auto Service, LLC, a completely separate and wholly unrelated entity to O'Reilly. Hurd does not seem to dispute that he sued the wrong entity.

Instead, he argues that his amended complaint, filed on June 9, 2020, against O'Reilly, relates back to the date of the filing of the original complaint pursuant to CR 15.03(2) because O'Reilly had actual notice of the lawsuit. Hurd alleges that an unknown agent of O'Reilly Auto Service, LLC hand delivered a copy of the original complaint to O'Reilly. Thus, he contends, the requirements of

CR 15.03 are satisfied.  Even assuming such notice happened and was sufficient to satisfy CR 15.03's notice requirement,[8] the rule requires such notice to occur "within the period provided by law for commencing the action against . . . the party to be brought in by amendment[.]"

Here, O'Reilly's Auto Service, LLC was not served until June 6, 2020.  Thus, the earliest date an agent of that company could have notified O'Reilly of the lawsuit would have been on that day.  However, June 6, 2020, is outside of the statute of limitations.  Therefore, the requirements of CR 15.03 were not met, and the amended complaint does not relate back.

While Hurd argues that O'Reilly had actual notice, it should be noted that our case law has held that CR 15.03 does not always require such.  In *Clark v. Young*, 692 S.W.2d 285, 288 (Ky. App. 1985), we recognized what has become known as the "identity of interest" exception to the notice requirement.  *See also Funk v. Wagner Machinery, Inc.*, 710 S.W.2d 860, 861-62 (Ky. App. 1986); *Halderman v. Sanderson Forklifts Co., Ltd.*, 818 S.W.2d 270, 272-73 (Ky. App. 1991).  This exception holds that "where there is a sufficient identity of interest

---

[8] Hurd has presented no evidence supporting his allegation and concedes that he does not know the name of the agent who delivered the complaint, the date the complaint was delivered, or who, specifically, the complaint was delivered to.  O'Reilly acknowledges in its appellate brief that "[i]t is plausible that someone from [O'Reilly's Auto Service, LLC] physically delivered the Original Complaint to the cashier at a retail store of Appellee near [O'Reilly's Auto Service, LLC,]" however, it is questionable whether such fact would qualify as sufficient notice under CR 15.03(2).

between the old and new defendants, the notice requirement of CR 15.03(2) is satisfied whenever the intended defendant receives notice, be it actual, informal, imputed, constructive or a combination thereof, within the limitations period." *Halderman*, 818 S.W.2d at 273. A sufficient identity of interest exists where "legally binding relationships between the original and added parties imposed on the first-named party a duty promptly to apprise the other laternamed [sic] entity of the lawsuit." *Reese v. General American Door Co.*, 6 S.W.3d 380, 382 (Ky. App. 1998).

Even had Hurd argued that the identity of interest exception applies, we would hold otherwise. There is no evidence that O'Reilly's Auto Service and O'Reilly are related in any way, beyond the similarity of their names. They are two distinct entities that share no affiliation. Therefore, Hurd's amended complaint cannot relate back to the filing of his original complaint and CR 15.03 does not apply.

Finally, Hurd argues that the trial court should have held an evidentiary hearing on whether O'Reilly had actual notice. We disagree. Hurd's only allegation of actual notice concerned notice which occurred after the statute of limitations expired. Therefore, even if true, the amended complaint would not relate back pursuant to CR 15.03, as discussed above. Hurd has never claimed that

O'Reilly had notice of the lawsuit prior to May 29, 2020.[9]  Therefore, Hurd can show no prejudice and we find no error.

We acknowledge the seemingly harsh result in dismissing Hurd's amended complaint, filed only eleven days outside the statute of limitations. However, "[l]imitations statutes are by nature arbitrary and so sometimes seem to operate harshly.  This harshness, of course, does not authorize courts to disregard the strict duties such statutes impose.  On the contrary, the statutory duty to develop and file one's case diligently has been interpreted as absolute except in the most compelling of circumstances." *Reese*, 6 S.W.3d at 383.

For the foregoing reasons, the order of the Madison Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Robert A. Morrin<br>Richmond, Kentucky | Ryan E. Galloway<br>Timothy L. Edelen<br>Bowling Green, Kentucky |

---

[9] While Hurd argues in his appellate brief that an agent from O'Reilly's insurance carrier contacted him eight days prior to the statute of limitations expiring to discuss settlement negotiations, the plain language of CR 15.03(2)(a) requires notice of the "institution" of an action, not the "potential" of an action.