Shelby UNDERHILL and Virginia Underhill, Individually and as Co-Administrators of the Estate of Nicole Underhill, Appellants,

v.

R.C. STEPHENSON, M.D., Individually and R.C. Stephenson, M.D., P.C. and Murray–Calloway County Public Hospital Corporation, Appellees.

No. 87–SC–625–DG.

Supreme Court of Kentucky.

June 30, 1988.

Rehearing Denied Oct. 6, 1988.

Donald A. Jones, Law Firm of Donald A. Jones, Murray, for appellants.

Donald K. Brown, Jr., Boehl, Stopher, Graves & Deindoerfer, James M. Hardy, Hardy, Terrell & Boswell, Paducah, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals affirming a judgment based on a unanimous jury verdict in favor of the doctor and the hospital in a medical malpractice suit.

The questions presented are whether it was an abuse of discretion to refuse to allow an amendment to the complaint to bring in an additional party in the person of the nurse and to amend their complaint in regard to the hospital; and whether it was reversible error to refuse to allow cross-examination relating to the mental condition of one of the plaintiffs at the time she made a supposedly damaging admission.

In February of 1983, a 12–year–old–child suffering abdominal pain, vomiting and diarrhea was taken to the emergency room of the hospital where Dr. Stephenson examined her, ran tests and misdiagnosed the child as having acute gastroenteritis. He released her to return home with a prescription for diarrhea. The child remained very ill through the night and her father telephoned the hospital at 9 a.m. the next day asking to speak to Dr. Stephenson about the continued vomiting. He was told that the doctor was not in and advised to either bring the child back or to obtain suppositories to help control the vomiting. The child died about one and a half hours later caused by a ruptured appendix. The wrongful death action was filed in November of 1983.

In May of 1984, the physician gave a deposition in which he stated that Nurse Routh was the person with whom the father had spoken over the telephone and that he was in the hospital at that time. The Underhills made two attempts to amend their complaint, first to add the nurse as a party and second to add a general negligence theory against the hospital, its agents and employees. Both motions were overruled by the trial judge.

This Court reverses the decision of the Court of Appeals and remands this case for a new trial.

■ The crucial question involves the application of Civil Rule 15.03(2) which in some circumstances authorizes the amendment of a pleading so as to change parties or amend the nature of the cause of action, and relates back to the date of the original pleading.

The trial court committed reversible error when it refused to permit the Under-hills to amend their complaint to add the nurse as an additional party defendant. The alleged misrepresentation on the part of the hospital nurse concerning the presence of the physician in the emergency room and the identity of the nurse were not discovered until May 1, 1984 when the physician's deposition was taken.

KRS 413.140(1) provides generally for a one year statute of limitations. KRS 413.-245 permits a cause of action "arising out of any act or omission in rendering or failing to render *professional services* ... within one (1) year from the date of the occurrence *or* from the date when the cause of action was, *or reasonably should have been,* discovered by the party injured." (Emphasis added.) The additional defendant was a nurse as distinguished from a physician, surgeon, dentist or hospital. A nurse is a licensed professional (KRS 314.041) rendering "professional services", KRS 413.245, in present circumstances. The Underhills, within one year after they discovered the alleged negligence of the hospital employee in misrepresenting the presence of the physician in the emergency room took reasonable steps to amend their complaint to add this additional defendant and allege negligence of the hospital through this employee.

■ The trial court committed reversible error when it refused to permit the Underhills to amend their complaint by alleging that the hospital was negligent acting through its officers, agents, and/or employees. Civil Rule 15.03(2) provides for the amendment of an original pleading to relate back to the date of the original proceeding. The important consideration is not whether the amended pleading presents a new claim or defense, but whether the amendment relates to the general factual situation which is the basis of the original controversy. *Perkins v. Read,* Ky., 616 S.W.2d 495 (1981). The hospital will not be unduly prejudiced by the amendment. This Court has previously indicated that a malpractice action is barred only when the alleged negligence was discovered or should have been reasonably discovered. There was no way for the Underhills to

discover the misrepresentation as to the presence of the physician at the hospital emergency room until his deposition was taken on May 1, 1984. Thereafter they sought to amend their complaint within one year from the date of such discovery.

*Nolph v. Scott,* Ky., 725 S.W.2d 860 (1987) does not apply because the underlying fact situation is different. Here the alleged negligent act of the nurse (the occurrence) was unknown until the doctor's deposition was taken.

■ The trial court committed reversible error when it refused to allow the Underhills to cross-examine and present rebuttal testimony relating to the mental condition of Virginia Underhill, the mother of the deceased child, at the time she made statements to defendant's witnesses when she was in the hospital. The Underhills assert that Virginia made damaging statements to several hospital employees who were allowed to testify that Virginia blamed her ex-husband Shelby for the death of their daughter. The statements were made during Virginia's hospitalization soon after learning of the daughter's death.

■ A witness has a right to explain facts and evidence or inferences therefrom. The Underhills had a right to show the mental condition of Virginia at the time she made the statements to which the defense witnesses testified. An avowal under CR 43.10 was unnecessary. The purpose of an avowal is to permit a reviewing court to have the information needed to consider the ruling of the trial court. When there is sufficient evidence before the reviewing court regarding the issue, an avowal is unnecessary. Here the reviewing court has the opportunity to see the nature and extent of the evidence before the trial court. Consequently an avowal was unnecessary.

■ For the same reason, the trial judge committed reversible error by refusing the cross-examination of the medical witness concerning a malpractice case which was pending against him. The Underhills had a right to cross-examine the medical expert on all matters relating to every issue. CR

43.06. Evidence to show bias of an expert witness is relevant. 39 A.L.R. 4th 742 (1985). It was unnecessary to have an avowal because the only purpose is to afford the reviewing court information to conduct a proper review. The error should not be repeated upon retrial.

The decision of the Court of Appeals is reversed and this matter is remanded for a new trial.

STEPHENS, C.J., and LAMBERT and LEIBSON, JJ., concur.

STEPHENSON, J., dissents by separate opinion.

GANT and VANCE, JJ., join in his dissent.

STEPHENSON, Justice, dissenting.

The majority, in permitting the amendment, goes far beyond anything contemplated by CR 15.03(2).

KRS 413.140(1)(e) and (2) apply to discovery of an "injury," that is, a physical injury, the subject of a malpractice action. Stretching the discovery language to cover this discovery of the alleged misrepresentation by the nurse is not authorized by any reading of the statute. KRS 413.245 provides for bringing action after discovery of the cause of action arising out of rendering or failing to render professional services. It defies all logic that the alleged mistake of this nurse, in saying the doctor was not in the hospital, should be considered an act rendering or failing to render professional services.

In short, the majority ignores the plain language of the statutes in permitting the filing of the amendment. This is not strictly an amendment; it is adding a new party to the suit after the statute of limitations has expired. I am not sure that the hospital will not be unduly prejudiced, but I am certain the nurse will be.

There is even less reason to reverse as to the doctor. CR 43.10 does not have any exceptions as to the necessity for an avowal. In the Kentucky case cited by appellants, an avowal was made. If we are not to insist on following CR 43.10, we should

abolish it. Appellants make conclusory statements as to what they wished to testify, but we do not know what the testimony would have been. This is the basis for requiring an avowal so that the action of the trial court may be reviewed. This situation does not justify a departure from the rule.

It is interesting that the majority opinion does not cite a case in support of the holding that the trial court erred in declining to permit appellants to bring out that the appellees' doctor's medical witness had a malpractice suit pending against him. This evidence is not offered to show bias but a bold attempt to attack the reputation of the medical witness. We do not have a case in this jurisdiction that allows such evidence. The only authorities cited by appellants' brief are criminal cases where the authorities have some hold over the witness. This is not the case here, and the trial court acted properly.

Accordingly, I dissent.

GANT and VANCE, JJ., join in this dissent.