**Glendon PHELPS and Joyce Phelps, Appellants,**

v.

**WEHR CONSTRUCTORS, INC.; Jewish Hospital Healthcare Services, Inc.; Realm, Inc.; Geoghegan Corp.; R.B. Banta Co., Inc.; and Klarer Construction Co., Appellees.**

No. 2003–CA–001262–MR.

Court of Appeals of Kentucky.

Oct. 22, 2004.

Rehearing Denied Dec. 21, 2004.

Discretionary Review Denied by Supreme Court Aug. 17, 2005.

Kenneth L. Sales, Paul J. Kelley, Louisville, KY, for appellant.

John A. Sheffer, Christopher T. Coburn, Louisville, KY, for appellee.

Before MINTON, SCHRODER, and TAYLOR, Judges.

## OPINION

MINTON, Judge.

If a plaintiff satisfies certain conditions, Kentucky's relation back rule preserves an amended complaint from a defendant's statute of limitations defense by treating the amendment as if it had been filed at the time of the original pleading. One of the prerequisites is that a defendant added after the statute of limitations has run must have known or had reason to know that, but for a mistake concerning the identity of the proper parties, the action would have been brought originally against him. Glendon and Joyce Phelps invoked the mistake provision when they amended their complaint to make a personal injury claim against Wehr Constructors well after the limitations period had expired. Responding to Wehr's statute of limitations defense, the Phelpses asserted that although they notified Wehr by letter of a potential claim, their mistake was that they did not name Wehr in the original complaint because it was through discovery that they had enough facts to sue Wehr. We must decide whether a plaintiff's lack of knowledge of the new defendant's potential liability is the sort of mistake correctable by the relation back rule. We hold that it is not, and we affirm the trial court's summary judgment.

Glendon Phelps developed a harmful infection following exposure to infectious Aspergillus fungus which he claims happened while he was hospitalized in September 1995. Wehr was doing remodeling work at the same hospital at that time. On August 22, 1996, the Phelpses sued the hospital for negligence. On September 5, 1996, the Phelpses' lawyer wrote a letter to Wehr's president stating

> [W]hile we do not believe that you are [an] appropriate defendant at this time, we have some information to indicate that in the future you may be an appropriate defendant in this case and therefore, we are providing you with a copy of the [c]omplaint to place you on notice of the pendency of the action so that you may protect your interest should we desire to add you as a party at a later date.

Fourteen months after filing suit against the hospital, the Phelpses amended their complaint adding Wehr as a defendant. They alleged that between September 16, 1995, and December 1995, Glendon Phelps was exposed to a fungus made airborne along with dirt and other contaminates by Wehr's work at the hospital. The trial court found, and no one disputes, that the amended complaint named Wehr more than two years after the alleged date of injury. Unless saved by CR [1] 15.03 relating the amendment back to the date of the filing of the original complaint, the claim against Wehr was untimely and barred by the one-year statute of limitations.[2] The Phelpses argued that when they filed the original complaint against the hospital, they did not have enough facts to state a claim against Wehr. In deciding that the amended complaint did not relate back, the circuit court stated:

> The court does acknowledge that the amended complaint against Wehr meets the first two prongs of CR 15.03, but does not meet the "mistake" section of CR 15.03(2)(b). The amended complaint certainly relates back to the basic claim

---

1. Kentucky Rules of Civil Procedure.

2. Kentucky Revised Statutes (KRS) 413.140(1)(a).

set forth against [the hospital] since the facts arise out of the same transaction or occurrence that the Phelps' [sic] are alleging against [the hospital]. Moreover, Wehr was put on notice within the statute of limitations period that it could be named as a potential party to the action.... Further, it is relevant to note that the [c]ourt does not believe that Wehr would be prejudiced in maintaining a defense against the Plaintiff's [sic] in this action as it had been named in numerous other complaints with similarly situated Plaintiff's [sic]. However, the problem arises under CR 15.03(2)(b).

■ On appeal, there is no genuine issue of material fact in dispute. This court's review of a summary judgment is *de novo*.[3] And the precise legal question before us is whether the mistake provision contained in CR 15.03(2)(b) saves the Phelpses' claim against Wehr.

CR 15.03, Relation Back of Amendments, provides in pertinent part as follows:

(1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such no-

tice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ This rule reflects the tension between the plaintiff's interest in relation back to preserve the plaintiff's claim and the defendant's interest in a limitations defense-timely notice and repose. In order to maintain a proper balance between these competing interests, if a new party is to be added after the limitations period has run, then all three requirements of CR 15.03 must be strictly construed.[4]

The trial court concluded that the Phelpses had satisfied CR 15.03(1) and (2)(a). Neither side contests this on appeal. Since the letter of September 5, 1996, undeniably alerted Wehr not only to the pendency of the action, but also to the possibility that Wehr could find itself drawn into the action at some point, the Phelpses argue that for policy reasons, the section (2)(a) notice should overshadow the remaining requirement of the rule. Admittedly, there is some support for the policy underneath the Phelpses' notice argument as seen in a series of cases from different panels of this court dealing with imputed notice.[5] But the additional notice requirement in section (2)(b) cannot be read out of the rule. "The condition that an added defendant not only must have known about the suit within the normal period for service of process, but also must have had reason to know that he escaped

3. *Steelvest, Inc. v. Scansteel Service Ctr., Inc.,* Ky., 807 S.W.2d 476 (1991).

4. *See Reese v. General American Door Company,* Ky.App., 6 S.W.3d 380, 383 (1998).

5. *Id.* at 382.

suit only because of a mistake, minimizes the possibility that the application of the Rule will disturb any truly legitimate sense of repose...." [6]

The Phelpses do acknowledge that the mistake provision in section (2)(b) must also be satisfied, but they urge us to define mistake to include "[mistake] as to a proper party against which to file a suit." [7] But the purpose of the rule was not to allow for correction of this type of mistake. "The requirement that a new defendant 'knew' he was not named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in identity." [8] Certainly,

> Nothing in the Rule or in the [Advisory Committee] Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged. In fact, the Notes speak of a defendant that may properly be added under Rule 15(c) as an 'intended defendant,' and of an amendment pursuant to the Rule as 'a name-correcting amendment.' [9]

The Phelpses' failure to include Wehr occurred because of a lack of knowledge of Wehr's potential liability, not because of a misnomer or misidentification.[10] We do not read the word "mistake" in CR 15.03(2)(b) to include a lack of knowledge. For purposes of CR 15.03(2)(b), ignorance does not equate to misnomer or misidentification.

Accordingly, we affirm the trial court's ruling refusing relation back and granting summary judgment.

ALL CONCUR.

---

**6.** 19 Wright, Miller & Cooper, Federal Practice & Procedure § 4509, at 274 (2d ed.1996)[discussing the interplay between the Federal Rules of Civil Procedure and state substantive rights as seen in the application of Fed.R.Civ.P. 15(c), which is substantially the same as Kentucky's CR 15.03].

**7.** Appellant's Brief, p. 6.

**8.** *Cornwell v. Robinson,* 23 F.3d 694, 705 (2nd Cir.1994).

**9.** *Rendall–Speranza v. Nassim,* 107 F.3d 913, 918 (D.C.Cir.1997).

**10.** *See Wayne v. Jarvis,* 197 F.3d 1098, 1102–04 (11th Cir.1999).