John **HARRALSON**, Appellant,

v.

Angela **MONGER** and Fred Jacobs, Appellees.

No. 2004–SC–1090–DG.

Supreme Court of Kentucky.

Nov. 22, 2006.

Mark A. Weis, Romines, Weis & Young, P.S.C., Louisville, Counsel for Appellant.

Reford H. Coleman, Coleman Lochmiller & Hall, Elizabethtown, James P. Dilbeck, Bennett, Bowman, Triplett & Vittitow, Louisville, Robert D. Johnston, Coleman Lochmiller & Bond, Elizabethtown, Counsel for Appellees.

Opinion of the Court by Justice WINTERSHEIMER.

This appeal is from a decision of the Court of Appeals which affirmed a judgment of the circuit court dismissing an amended complaint as untimely.

The question presented is whether the two-year statute of limitations is tolled because of alleged misrepresentations made by Jacobs to police immediately following the collision.

The parties were involved in a six vehicle collision in which the vehicle driven by Monger first collided with the automobile

of Jacobs. Then, the Monger vehicle struck two other stationary vehicles including that driven by Harralson resulting in a chain reaction accident involving two other stationary vehicles.

Based on interviews with Jacobs and other witnesses at the scene, a police accident report indicated that Monger was at fault. Harralson, who had waived no-fault coverage, timely filed a negligence claim against Monger. Monger, in turn, filed a third-party complaint against Jacobs, following the deposition of Jacobs wherein he stated that the side-swiped collision with the Monger vehicle occurred when he started to pull into the right hand lane occupied by Monger. Harralson was then granted leave in July 2003 to amend his complaint to assert a claim against Jacobs.

Jacobs then filed a motion to dismiss the amended complaint claiming that it was not filed within the two-year statute of limitations and that it did not relate back to the original filing date. The trial judge, relying on *Nolph v. Scott,* 725 S.W.2d 860 (Ky.1987), granted the motion to dismiss, determining that there was no evidence that Jacobs had timely notice of a possible claim against him and that the pleadings do not reveal that Jacobs intentionally concealed or misrepresented his actions. The trial judge rejected any claim that the limitations period should be tolled on the grounds of fraud. The Court of Appeals affirmed the decision of the trial judge and this Court accepted discretionary review.

KRS 304.39–230(6) provides that a plaintiff who has rejected no fault insurance must commence an action for tort liability within two years of the injury. An amended pleading relates back to the date of the original pleading only if it satisfies the requirements of CR 15.03. That rule provides in pertinent part as follows:

(1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

There is no question that the amended complaint relates back to the original collision so as to satisfy CR 15.03(1). The only question here is whether Jacobs had sufficient notice of the claim that would not have prejudiced him in maintaining a defense in that "but for a mistake concerning the identity of the proper party" Jacobs knew or should have known that an action could have been brought against him. CR 15.03(2).

Monger first disputed the police accident report during her December 2002 deposition when she testified that Jacobs hit her. She stated that the impact diverted her attention and she was then unable to avoid hitting the stationary vehicles in her path. Monger suffered a head injury in the collision and did not recall speaking with the investigating officer after the collision. She was taken to the hospital by ambulance and did not speak with the investigating officer. Jacobs was the only person who could speak with the officer regarding the initial collision. He indicated that Monger "came up really fast … and actually hit him and then careened off

his car." Although Monger thought she later informed her insurance company that Jacobs had hit her, she never pursued a claim against him. She testified that she learned that she was listed on the accident report as the driver at fault only after Harralson filed his suit. She then deposed Jacobs who contradicted her claims by testifying that she had abruptly swerved in front of him several blocks before the accident.

The investigating officer was deposed after Monger and Harralson filed their third party and amended complaints. His testimony was that Jacobs never indicated that "he merged into her lane and hit her first," and that such an admission would have been included in the accident report.

Harralson argues on appeal that Jacobs fraudulently misrepresented or concealed his liability or identity and should be estopped from pleading the statute of limitations. He claims that to allow Jacobs to benefit from his own deception would encourage others to misrepresent and conceal facts reported to law enforcement for accident reports. He argues that the statute of limitations should be tolled when a motorist conceals or misrepresents to an investigating officer his role in causing the accident or when he only provides a complete account of the accident when he is deposed under oath after the statute of limitations has expired.

The response by Jacobs claims that Harralson has distorted the facts in order to divert attention from a failure to investigate the claim in a timely manner. Jacobs denies that he engaged in any concealment or misrepresentation.

Harralson relies on *Underhill v. Stephenson*, 756 S.W.2d 459 (Ky.1988). That case was a medical malpractice action in which the plaintiff sought to amend his complaint to add a nurse as an additional defendant. The alleged misrepresentation on the part of a nurse concerning the presence of the physician in the emergency room and the identity of the nurse was not discovered until the depositions were taken. The alleged negligent act of the nurse was unknown until the physician's deposition was taken. This Court reversed and remanded for a new trial. The motion in that case was timely because it was filed within one year of the time the misrepresentation was discovered.

Here, the applicable statute requires the limitation period to be calculated from the date of the injury rather than from the date of identification of the alleged tortfeasor. KRS 304.39–230(6).

*Munday v. Mayfair Diagnostic Laboratory*, 831 S.W.2d 912 (Ky.1992), is another medical negligence action against a diagnostic laboratory that was a partnership. This Court held that an error by partners doing business under an assumed name to comply with the statute requiring filing of a certificate was sufficient to create an estoppel under the tolling statute and thus the statute of limitations was tolled during the period of noncompliance. That court recognized that although concealment ordinarily requires an affirmative act, failure of disclosure may constitute concealment or at least amount to misleading or obstructive conduct thereby tolling the statute. KRS 413.190(2).

Here, Jacobs clearly changed his version of events that he had related to the police officer and indicated for the first time that he had entered the lane of travel occupied by Monger. Prior to the filing of suit, there was no evidence implicating Jacobs as a negligent party. Consequently, the lawsuit was filed against Monger on the basis of the accident report.

Nothing in KRS 413.245 permits the limitations period to be calculated from the date of the identification of the alleged

tortfeasor. The statute requires that a cause of action be filed within one year from the date of the occurrence or from the date when the cause of action was or reasonably should have been discovered by the injured party.

As previously noted in *Underhill, supra,* the alleged misrepresentation was not discovered until the physician's deposition was taken. Similarly in *Munday, supra,* this Court recognized exceptions to a strict rule of statutory limitations when a party is estopped from relying on the tolling statute by virtue of a misrepresentation or concealment. *Munday* also indicated that concealment may be demonstrated by an affirmative act or silence when the law imposes a duty to speak.

Considering the same decision and statutes, the Court of Appeals in *Roman Catholic Diocese of Covington v. Secter,* 966 S.W.2d 286 (Ky.App.1998), held "where the law imposes a duty of disclosure, a failure of disclosure may constitute concealment under KRS 413.190(2), or at least amount to misleading or obstructive conduct." Here, KRS 519.040 provides a misdemeanor offense for falsely reporting an incident. There is no doubt that Jacobs did not give a full and complete disclosure of the circumstances of the accident to the investigating officer.

KRS 189.580 requires a party to provide complete and truthful information regarding vehicular collisions. *See St. Clair v. Bardstown Transfer Line,* 310 Ky. 776, 221 S.W.2d 679 (1949), which held that the purpose of the statute is to provide a means for injured parties to seek compensation.

The duty of Jacobs to provide complete and truthful information for the accident report was highlighted because of the fact that he was the only person who spoke to the police officer making the report. Monger was on her way to the hospital and did not speak to the officer. Inaccurate information provided for the report is of critical importance in this matter because it shifted the burden of responsibility which could otherwise not be known by Harralson.

Here, Jacobs initial account of the incident implicated only Monger. According to the officer who prepared the report, Jacobs was unequivocal in his explanation that Monger caused the collision. It was only after his deposition on March 10, 2003, that Jacobs finally admitted that he entered Monger's lane of traffic and collided with her vehicle.

When the facts are viewed in the light most favorable to Harralson, the fact that Jacobs concealed his role in the accident provides a basis for the amended complaint. Consequently, Jacobs should be estopped from relying on the specific statute of limitations in this case because of such misrepresentation relating to the initial collision. The two-year statute of limitation should be tolled until Harralson received notice of the true facts. The amended complaint against Jacobs was filed within two years after discovery of the actual situation.

The attempt by Jacobs to call the statement "technically" true is without merit. A half truth may be as vicious as an expressed misrepresentation. *See Toppass v. Perkins,* 268 Ky. 186, 104 S.W.2d 423 at 431 (1937). *Cf. United Parcel Service v. Rickert,* 996 S.W.2d 464, 469 (1999), which provides an instructive review of fraud and related matters. *See also* Restatement (Second) of Torts § 529 (1977), which indicates that stating a more partial truth can be fraudulent if it is materially misleading. If Jacobs had provided information for an accurate report or made statements consistent with his later deposition, he would have undoubtedly been named as a defendant within the time limit.

It is clearly not good public policy to allow a person who presents inaccurate information to benefit from the misrepresentation. When the benefits realized from strict enforcement of the statute of limitations are weighed against the problems created by either silence, half-truths, or material omissions, the scale clearly favors the tolling of the two year limitations in this case.

The decision of the Court of Appeals is reversed. This matter is remanded for trial.

LAMBERT, C.J., GRAVES, McANULTY and SCOTT, JJ., concur.

MINTON, J. dissents by separate opinion and is joined by ROACH, J.

MINTON, Justice, dissenting.

Kentucky Rules of Civil Procedure (CR) 15.03(2) is our relation-back-due-to-mistake rule. It allows an amended complaint adding a new party to relate back to the date of the original pleading in order to preserve the claim. The rule overrides a statute of limitations defense by the added party if the added party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Taking an expansive view of CR 15.03, the majority condones Harralson's failure to sue Jacobs within the two-year statute of limitations by treating the failure as a "mistake." To reach this conclusion, the majority must ignore the fact that Harralson knew, or reasonably should have known, well before the statute of limitations expired that Jacobs was potentially liable for Harralson's damages. I believe the majority's approach distorts CR 15.03 and frustrates the intent of KRS 304.39–230(6). Therefore, I respectfully dissent.

Although not explicit in CR 15.03, our precedent holds that a material misrepresentation as to the liability of a potential defendant may sometimes serve as a basis for relief under CR 15.03. This allows an amended complaint adding a new party-defendant to relate back even though the amended complaint is filed outside of the statute of limitations, provided that the alleged fraudulent act was not discovered until after the expiration of the statute of limitations. *Underhill v. Stephenson,* 756 S.W.2d 459, 460–461 (Ky.1988). "In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation[,] b) which is false[,] c) known to be false or made recklessly[,] d) made with inducement to be acted upon[,] e) acted in reliance thereon[,] and f) causing injury." *United Parcel Service Co. v. Rickert,* 996 S.W.2d 464, 468 (Ky.1999).

The majority misapplies the doctrine of fraud, as expressed in *Underhill,* in two ways. First, the statute of limitations in the case before us is far more restrictive than the statute analyzed in *Underhill.* The statute of limitations in *Underhill* was "one [ ] year from the date of the occurrence *or* from the date when the cause of action was, *or reasonably should have been,* discovered by the party injured." *Underhill,* 756 S.W.2d at 460. Here the terms of the statute of limitations make no similar provision for the application of the discovery rule because KRS 304.39–230(6) plainly requires any action by Harralson to have been brought "not later than two [ ] years after the injury[.]" So the General Assembly has chosen as a matter of public policy that the discovery doctrine should not operate to save claims like Harralson's claim against Jacobs. I believe the majority's de facto application of a discovery rule to Harralson's belated amendment

naming Jacobs is contrary to the statutory intent.

Second, the rationale in *Underhill* should not apply to the case at hand because, unlike the nurse in *Underhill*, there is no indication that Jacobs told a lie to mislead Harralson concerning Jacobs's potential liability until after the expiration of the statute of limitations. In fact, the trial court expressly held to the contrary: "[a]n examination of the pleadings does not reveal Jacobs intentionally concealed or misrepresented his actions. Thus, the statute of limitations is not tolled in this case and Harralson's claim against Jacobs does not relate back to the original pleading."

Jacobs's statements to the investigating officer, although perhaps not as detailed as those in his deposition, were not outright falsehoods. For example, Jacobs told the investigating officer that Monger was driving fast and that her vehicle hit the side of his (Jacobs's) vehicle, which set off the chain-reaction collision. The investigating officer repeatedly testified in his deposition that all of the drivers told him essentially the same story about the accident. The majority unjustifiably castigates Jacobs's statement to the officer, even though that statement was not markedly inconsistent with those given by other drivers involved in the accident. Also, it is important to note that any opinion Jacobs may have expressed as to the cause of the accident cannot constitute fraud. *Everett v. Downing*, 298 Ky. 195, 182 S.W.2d 232, 236 (1944) ("[t]he general rule is that expressions of opinion do not constitute a fraud."). There is no indication whatsoever that Jacobs's statement to the investi-

gating officer was given in order fraudulently to induce Harralson to refrain from suing Jacobs. Thus, the fourth required element of fraud was not met.

Harralson clearly was aware of Jacobs's involvement in the accident from the beginning. The accident report names Jacobs as a driver. And in a six-vehicle chain-reaction collision in which human experience tells us each driver along the chain will likely have at least a slightly different version of the facts underlying the accident, a reasonably prudent plaintiff would not rely solely on the police report when assessing potential comparative fault of the other drivers. So Harralson's claimed blind reliance on the contents of the police report fails the fifth requirement of fraud—reasonable reliance upon the claimed fraudulent act. *See Bassett v. National Collegiate Athletic Association*, 428 F.Supp.2d 675, 682 (E.D.Ky.2006) (holding that reliance upon a misrepresentation must be reasonable).

Contrary to the majority's repeated statement that Jacobs testified in his March 2003 deposition that he entered Monger's lane of traffic before the accident, Jacobs's actual testimony on that point was far less definite.[1] So I cannot agree with the majority's conclusion that Jacobs's deposition was (a) totally contrary to his statement to the investigating police officer, and (b) was a surprise and a revelation to Harralson. Even if one were to accept the shaky premise that Harralson had no reason to suspect Jacobs's potential liability until after the expiration of the statute of limitations, I find it troublesome

---

1. Page 22 of Jacobs's deposition contains the following colloquy:

    Q. When you made contact with her vehicle, part of your vehicle was in the right lane. Is that a fair statement?

    A. I really don't know whether it was— you know, I really don't know. When I started to pull into the right-hand lane and put my signal on and started to ease over, I don't know how far over to the left of my lane I was, whether my easing over took me over the line. I can't tell you that. I know that I had cleared and started to pull over, and then all of a sudden, we made contact.

that Harralson tarried before attempting to amend his complaint to name Jacobs. As the record shows, Monger alluded to Jacobs's potential liability in her December 2002 deposition, yet Harralson took no action against Jacobs until April 2003, approximately a month after Jacobs's deposition. So approximately four months elapsed from the time Monger testified as to Jacobs's potential liability until the time Harralson sought to add Jacobs. Such dilatoriness undercuts Harralson's argument that he filed suit against Jacobs as soon as became aware of Jacobs's potential liability.

This case is an example of the inherent tension that inevitably exists between a plaintiff's interest in the application of the relation back doctrine and the defendant's interest in the application of the statute of limitations. Thus, "[i]n order to maintain a proper balance between these competing interests, if a new party is to be added after the limitations period has run, then all three requirements of CR 15.03 must be strictly construed." *Phelps v. Wehr Constructors, Inc.*, 168 S.W.3d 395, 397 (Ky.App.2004).

I would construe the "mistake" clause of CR 15.03 to cover mistakes as to the proper identity of a defendant but not a mistake as to whether a person known to have been involved in the allegedly negligent conduct that gave rise to the action bears any potential liability. *Id.* ("The Phelpses' failure to include Wehr occurred because of a lack of knowledge of Wehr's potential liability, not because of a misnomer or misidentification. We do not read the word 'mistake' in CR 15.03(2)(b) to include a lack of knowledge. For purposes of CR 15.03(2)(b), ignorance does not equate to misnomer or misidentification.") (internal footnote omitted); *Rendall–Speranza v. Nassim*, 107 F.3d 913, 918 (D.C.Cir.1997) (construing Federal Rules of Civil Procedure 15(c), which is substantially similar to CR 15.03, and holding that "[n]othing in the Rule or in the Notes indicates that the [relation back due to mistake] provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged. In fact, the Notes speak of a defendant that may properly be added under Rule 15(c) as an 'intended defendant,' and of an amendment pursuant to the Rule as 'a name-correcting amendment.' ").

The ultimate effect of the majority's opinion is to stretch CR 15.03 to cover mistakes stemming from a party's active ignorance or failure to exercise due diligence, rather than what I believe to be the proper course: strictly construing CR 15.03 to cover only mistakes as to identity so that statutes of limitation may also serve their intended purpose.

Because the statements made by Jacobs do not appear to have misled Harralson sufficiently to invoke the doctrine of fraud and the application of CR 15.03 and because the majority's expansion of the relation-back provision rewards Harralson for his failure to investigate fully and promptly the circumstances surrounding the accident and concomitant failure to assert his claim timely against Jacobs, I respectfully dissent.

ROACH, J., joins.