RENDERED: SEPTEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0012-MR

BRIANNA BOEL                                                          APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 19-CI-002902

EARVANCE TYSON D/B/A                                            APPELLEE
LYNETTE TYSON

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, McNEILL, AND L. THOMPSON, JUDGES.

McNEILL, JUDGE: Brianna Boel ("Boel") appeals from the Jefferson Circuit Court's December 13, 2019 opinion and order granting summary judgment in favor of Earvance Tyson d/b/a Lynette Tyson ("Tyson"). Finding no error, we affirm.

On June 12, 2013, Boel and her friend, Taylor Simpson ("Simpson"), both 14 years old, were attempting to cross an intersection on foot when they were

struck by an automobile driven by Tyson. Both teenagers and Tyson were taken to the hospital.

Following the accident, Boel's parents contacted an attorney, Ronald Hillerich, about pursuing a claim against Tyson. After discussing the accident with Tyson's insurance carrier, Hillerich declined to file suit, telling Boel's parents he did not think he could win the case. Boel's parents did not obtain a second opinion or pursue legal action further.

However, on May 10, 2019, after hearing Simpson had settled a lawsuit against Tyson, Boel filed a personal injury action in Jefferson Circuit Court. Boel filed the lawsuit after speaking with Simpson's attorney and learning of statements in Tyson's medical records about Boel and Simpson being on bicycles at the time of the accident. For instance, one record notes "[Tyson] hit two children on bikes while driving." It is unclear the source of this information, but at least one record suggests Tyson. However, the medical records also note Tyson appeared to be in shock, with one recording: "Clinical impression: Post-traumatic stress disorder."

According to Boel, these statements show Tyson was not paying attention at the time of the accident and are evidence of negligence. Interestingly, similar statements about bicycles occur in Boel's own medical records, from a different hospital. The physician treating Boel in the emergency room at Kosair

Children's Hospital notes in his record that "[t]his fourteen year old female was struck by an automobile while riding her bicycle (unhelmeted)."

On September 17, 2019, Tyson moved for summary judgment arguing that Boel's claims were barred by the applicable statute of limitations. Boel countered that KRS[1] 413.190(2) should toll the statute of limitations, asserting that Tyson concealed her previous statements about the children being on bicycles, statements "that prove her likely fault in causing the collision." Boel submitted affidavits from herself, her mother, and her father, all claiming they were unaware of these statements at the time they originally declined to file suit and that they would have filed suit had they been aware of Tyson's culpability. The circuit court granted the motion and dismissed Boel's complaint. This appeal followed. We set forth additional facts as necessary below.

On appeal from a summary judgment, we must determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). The question before us is whether the circuit court correctly determined that Boel's claims are barred by statute of limitations.

---

[1] Kentucky Revised Statutes.

As an initial matter, we must address the deficiency of Boel's appellate brief. Her argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by CR[2] 76.12(4)(c)(v). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine Boel's arguments were properly preserved, we will ignore the deficiency and proceed with the review.

---

[2] Kentucky Rules of Civil Procedure.

Whether an action is barred by the statute of limitations is a question of law, which an appellate court reviews de novo. *Estate of Wittich By & Through Wittich v. Flick*, 519 S.W.3d 774, 776 (Ky. 2017) (citation omitted). KRS 304.39-230(6) sets forth the applicable statute of limitations: "An action for tort liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs."

Here, Boel received her last personal injury protection payments on November 21, 2013. However, pursuant to KRS 413.170(1), the statute of limitations was tolled until March 22, 2017, when Boel turned eighteen years old. Therefore, Boel had until March 22, 2019 to file her complaint. Boel filed her complaint on May 10, 2019, outside of the statute of limitations.

Boel argues on appeal, as she did below, that the statute of limitations should be tolled pursuant to KRS 413.190(2) because Tyson concealed the statements in her medical records referencing bicycles, statements which reveal her inattention and culpability on the day of the accident. She asserts this concealment deprived her of her "right to file a claim." We disagree.

KRS 413.190(2) provides in relevant part:

> [w]hen a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by

. . . concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the . . . obstruction shall not be computed as any part of the period within which the action shall be commenced.

In general, "the concealment envisioned by KRS 413.190(2) must represent an "affirmative act" and "cannot be assumed"– *i.e.*, it must be active, not passive." *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 573 (Ky. 2009) (citations omitted). "The 'other indirect means' of obstruction . . . must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so." *Id.* (citations omitted).

"As a result, mere silence . . . is insufficient and cannot support its application." *Id.* at 573 (internal quotation marks and citations omitted). "We note that the most commonly recognized exception to the affirmative act requirement applies where 'a party remains silent when the duty to speak or disclose is imposed by law' upon that person." *Id.* at 574 (citations omitted).

Boel cites KRS 189.580 which "requires a party to provide complete and truthful information regarding vehicular collisions." *Harralson v. Monger*, 206 S.W.3d 336, 339 (Ky. 2006) (citation omitted). Boel essentially argues that Tyson had a duty to disclose her misstatements about bicycles, apparently at the time of the accident, or at least sometime prior to the statute of limitations expiring. And that Boel's failure to disclose these statements prevented her from timely filing because without the statements she did not believe she had a winnable

-6-

claim. Boel contends Tyson's statements prove her culpability: because Tyson was apparently unaware that the children were not on bicycles at the time of the accident, she was not paying attention, and thus negligent.

However, Boel's argument is built on faulty premises. First, she assumes Tyson was the source of the bicycle story, however, this is unclear from the record. Second, even if Tyson were the source, the statements neither prove nor disprove liability, nor evince any misleading or obstructive conduct. The misstatements can just as easily be explained as the result of shock as they can evidence of inattention or deception. Several of the medical records note that Tyson appeared to be in shock and that she was visibly upset, as anyone would be.

Third, and most importantly, Tyson's conduct did not obstruct or prevent Boel from prosecuting the action within the meaning of KRS 413.190. Tyson was consistent in her statements to the police, her insurance agent, and Boel.[3] Boel has produced no evidence that these statements were not truthful or complete as to the facts of the incident as they actually happened.

_____

[3] Tyson told police "there was a truck in front of [her] and [she] did not see the females crossing the road." She, apparently, similarly told her insurance agent "there was a truck in front of her, four or five lengths, and that she simply did not see the kids." In her answers to interrogatories, Tyson provided the following account of the incident:

> there was a red truck in front of me in the left lane and there were two cars in the right lane. I had a green light as I passed through the intersection . . . [and] two teenagers enter[ed] my lane from my left. I immediately tried to avoid them by applying my brakes and moving to the right lane, but the teenagers ran right in front of me . . . .

Similarly, Boel's reliance on *Harralson* is misplaced. That case involved a multiple car crash where Jacobs, one of the drivers, gave misleading and incomplete information to police at the time of the accident, indicating another driver was at fault. Then, at his deposition, and after the statute of limitations had expired, Jacobs admitted *he* was actually at fault. Plaintiff amended his complaint to add Jacobs as a defendant, but the circuit court later dismissed the amended complaint as untimely.

Plaintiff argued on appeal that Jacobs fraudulently concealed his identity and should be estopped from pleading the statute of limitations as a defense. The Supreme Court, citing several cases interpreting KRS 413.190(2), held that Jacobs' concealment of his role in the accident tolled the statute of limitations. The Court noted, "[i]f Jacobs had provided information for an accurate report or made statements consistent with his later deposition, he would have undoubtedly been named as a defendant within the time limit." *Harralson*, 206 S.W.3d at 339.

*Harralson* is clearly distinguishable. The obstruction or concealment in that case prevented the plaintiff from identifying the actual tortfeasor. Boel knew Tyson's involvement all along. Nothing prevented Boel from filing a personal injury claim against Tyson except her belief that she would not be successful. However, a cause of action accrues when a party knows that he has

been wronged, not when he knows that the wrong is actionable. *Conway v. Huff*, 644 S.W.2d 333, 334 (Ky. 1982).

Finally, Boel argues the circuit court erred in failing to rule on a pending discovery motion. She asserts the motion "clearly sought relevant discovery on the issue of the tolling of the statute of limitation." Because we have found as a matter of law that KRS 413.190(2) does not apply to toll the statute of limitations, this issue is moot, and we need not address it.

Accordingly, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Dana R. Kolter<br>Louisville, Kentucky | Christopher M. Mussler<br>Louisville, Kentucky |