RENDERED: MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1247-MR

MICHAEL W. RITCHIE                           APPELLANT


            APPEAL FROM BOONE CIRCUIT COURT
v.            HONORABLE JAMES R. SCHRAND, II, JUDGE
                 ACTION NO. 21-CI-01330


STATE FARM FIRE AND
CASUALTY COMPANY                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND KAREM, JUDGES.

COMBS, JUDGE: Michael W. Ritchie appeals an order of the Boone Circuit Court dismissing his civil action against State Farm Fire and Casualty Company because it was barred by the applicable statute of limitations. After our review, we affirm.

On November 3, 2021, Ritchie filed a civil action against Jace Courtney in Boone Circuit Court. Ritchie alleged that he suffered back and neck

injuries when his vehicle collided with a vehicle operated by Courtney on the morning of October 2, 2019. As a result of the collision, Ritchie received basic reparation benefits; the last payment was made to him on November 4, 2019. The lawsuit was dismissed by agreed order entered on June 14, 2022.

However, on August 8, 2022, Ritchie filed another motion in the action. He sought to amend his complaint to name a new defendant and to assert a claim against his auto insurance carrier for underinsured motorist benefits. Ritchie withdrew the motion on September 27, 2022. On this same date, he filed an amended complaint naming State Farm Fire and Casualty Company as a defendant.

On October 19, 2022, State Farm Mutual Automobile Insurance Company (State Farm Mutual) filed an answer. It explained that Ritchie had misidentified it as State Farm Fire and Casualty Company in the amended complaint. However, according to the parties, this error is immaterial to the appeal. We also note that neither party addressed the effect of the order entered on June 14, 2022, dismissing the action.

In its answer, State Farm Mutual alleged that the action was time-barred. In April 2023, it filed a motion to dismiss. Ritchie responded and argued that the provisions of CR[1] 15.03 applied to save his claim. CR 15.03 preserves an

---

[1] Kentucky Rules of Civil Procedure.

amended complaint from a defendant's statute-of-limitations defense by treating the amendment as if it had been filed at the time of the original pleading.

On October 6, 2023, the circuit court granted the motion of State Farm Mutual and dismissed the claim as untimely. It rejected Ritchie's contention that the provisions of CR 15.03 applied to save the claim. This appeal followed.

The parties agree that Ritchie's amended complaint was filed beyond the limitations period. Generally, "[a] new party cannot be brought into a lawsuit by amended complaint when the statute of limitations governing the claim against that party has already expired." *Combs v. Albert Kahn Associates, Inc.*, 183 S.W.3d 190, 194 (Ky. App. 2006). Ritchie argues that the circuit court erred by failing to conclude that the claim against his auto insurer was timely because his amended complaint related back to the filing of the original complaint. He asserts that "[t]he singular issue before this Court is whether, pursuant to Civil Rule 15.03, the Amended Complaint relates back to the original date of filing of November 3, 2021."

CR 15.03 provides, in relevant part, as follows:

(1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment *changing the party* against whom a claim is asserted relates back if the condition of

-3-

paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, *and* (b) *knew or should have known* that, *but for a mistake concerning the identity of the proper party*, the action would have been brought against him.

(Emphasis added.)

Courts strictly construe the requirements of CR 15.03. *Phelps v. Wehr Constructors, Inc.*, 168 S.W.3d 395 (Ky. App. 2004). We have held that the kind of mistake to which the provision applies concerns a "misnomer" or "misidentification" of the party against whom to bring an action. *Cabrera v. JBS USA, LLC*, 568 S.W.3d 865 (Ky. App. 2019). The provisions of CR 15.03 do not apply where an injured plaintiff is fully aware of the existence of a potential defendant -- but not of its legal liability for his injuries and for that reason does not commence an action against it. *Phelps*, *supra.*

Ritchie was fully aware of the existence of a potential party -- his own underinsured motorists coverage carrier -- within the limitations period. He explains that he did not name his insurer in the initial complaint because he was unaware of the coverage limits of Courtney's auto insurance policy and unaware that his own carrier would be liable to him for underinsured motorist coverage benefits. This is not the sort of mistake addressed by the relation-back rule. Ritchie's failure to name State Farm Mutual as a defendant was not due to a

misnomer or misidentification.  Moreover, State Farm Mutual did not know -- nor did it have reason to know before the limitations period expired -- that Ritchie would have brought an action against it if he had only known of its potential liability for underinsured motorist coverage benefits.  Ritchie contends that under the circumstances, the interests of justice dictate that his amended complaint relate back.  However, he overlooks the countervailing interest of State Farm Mutual in a limitations period for actions filed against it.

The circuit court did not err by concluding that the amended complaint did not relate back to the original complaint.  The action was properly dismissed as untimely.

We affirm the order of the Boone Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:

C. Ed Massey
Erlanger, Kentucky

BRIEF FOR APPELLEE:

Douglas B. Schloemer
Ft. Mitchell, Kentucky